IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIYA ELEY<br>836 Bonifant Street<br>Silver Spring, Maryland 20910[1]<br><br>*On Behalf of Herself and*<br>*All Others Similarly situated*<br><br>PLAINTIFF,<br><br>v.<br><br>THE STADIUM GROUP, LLC<br>2127 Queens Chapel Road, NE<br>Washington, DC 20018<br><br>   SERVE:   Professional Registered Agents, Inc.<br>               2600 Virginia Avenue, NW<br>               Suite 1112 NW<br>               Washington, DC 20037<br><br>DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Case No.: _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Miya Eley a/k/a exotic dancer "Frenchkiss" ("Plaintiff"), by and through undersigned counsel, on behalf of herself and all others similarly situated, hereby submits her Collective Action Complaint against Defendant The Stadium Group, LLC d/b/a The Stadium Club ("Defendant") to recover unpaid wages and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and to recover unpaid wages and statutory damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the Prince George's County, Maryland.

---

[1] To avoid retaliation, Plaintiff has listed the address of her counsel.

2. By acting as the named Plaintiff in this action, Plaintiff hereby consents to participate as a Plaintiff in an FLSA and DCMWA collective action.

3. Defendant is a limited liability company formed under the laws of the District of Columbia with its principal place of business located in the District of Columbia.

4. At all times, Defendant has done business as an exotic dance club in the District of Columbia.

5. At all times, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. At all times, Defendants had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

9. Plaintiff is currently employed by Defendant as an exotic dancer and has been employed by Defendant as an exotic dancer (with the exception of about March 15, 2013 – about November 15, 2013) since about 2010.

10. At all times, Plaintiff has typically worked at or about three (3) shifts per week.

11. At all times, Plaintiff has typically and customarily worked at or about twenty (20) to twenty-five (25) hours per week.

12. At all times, Defendant has had knowledge of all hours Plaintiff worked per week and suffered or permitted Plaintiff to work all hours herein alleged.

13. At all times throughout Plaintiff's employment, Defendants totally failed to pay Plaintiff any wages for work duties performed.

14. At all times throughout Plaintiff's employment, Plaintiff and all other exotic dancer employees were employees of Defendant and were never independent contractors.

15. While it is true that Defendant titled or classified Plaintiff and other exotic dancer employees as independent contractors, at all times while working for Defendant, Plaintiff and other exotic dancer employees considered themselves as employees of Defendant and that Defendant was their employer.

16. At all times while Plaintiff was employed by Defendant, Defendant controlled all aspects of Plaintiff's job duties and the job duties of other exotic dancer employees through strictly enforced employment rules.

17. Defendant hired Plaintiff and other exotic dancer employees and, at all times, had the ability to discipline them, fine them, fire them, and adjust each of their schedules.

18. Defendant, at all times, supervised Plaintiff's work duties and the work duties of other exotic dancer employees to make sure Plaintiff's job performance and the job performances of other exotic dancer employees was of sufficient quality.

19. At all times, Plaintiff's pay and opportunity for wages and the pay and opportunity for wages of other exotic dancer employees have been limited to the pay method set exclusively by Defendants.

20. Defendant controlled all aspects of setting and enforcing the work schedule for Plaintiff and other exotic dancer employees.

21. Plaintiff and other exotic dancer employees were never able to make more money or enjoyed more financial benefits if Defendant was operating successfully and realizing increased or additional profits.

22. At no time did Plaintiff or any other exotic dancer employee make a financial investment in Defendant's business operation or any equipment belonging to Defendant.

23. To perform the work duties that Plaintiff and other exotic dancer employees performed for Defendant, Plaintiff and other exotic dancer employees did not have or need any required certificate, education, or specialized training.

24. At all times while Plaintiff has been employed by Defendant, Defendant has been in the business of operating a night club featuring exotic dancers.

25. At all times while Plaintiff has been employed by Defendant, Plaintiff's job duties and the job duties of all other exotic dancer employees wave been directly related to exotic dancing performances for Defendant's customers.

26. Plaintiff and other exotic dancer employees did not perform work that is exempt from the Federal or District of Columbia minimum wage requirement.

## FEE AND FINE SYSTEM

27. In addition to failing to pay Plaintiff and other exotic dancer employees wages for hours worked, Defendant enforced a series of charges, fees and fines requiring Plaintiff and other exotic dancer employees to actually pay Defendant to start their work shift and a significant portion of the money they received as tips from customers.

28. On a typical shift, Plaintiff and other exotic dancer employees actually paid Defendant, through fines, fees, and charges, more than one hundred dollars ($100.00).

29. The fines and fees paid by Plaintiff and other exotic dancer employees to Defendant

included a mandatory "tip-in" and/or "tip out" to Defendant, mandatory tip sharing of Plaintiff's and other exotic dancer employees' tips to Defendant's non-tipped employees, deductions by Defendant from Plaintiff's and other exotic dancer employees' tips received from Defendant's customers for each performance of private and semi-private dances, and general and often substantial deductions for fees, fines, and charges associated with violating Defendant's employment rules.

30. The net result of Defendant's fee and fine system was the regular hourly rate for Plaintiff and other exotic dancer employees is actually properly calculated in the negative.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff is pursuing this action as an FLSA and DCMWA collective action on behalf of herself and all other similarly situated individuals.

32. The collective action includes

   i. Current and former exotic dancer employees who worked as exotic dancers at the Stadium Club exotic dance club at any time between September 19, 2011 and the present; and

   ii. Who were misclassified by Defendant as independent contractors; and

   iii. Who were not paid by Defendant for all hours worked at an hourly at least equal to the minimum wage hourly rate required by the FLSA and DCMWA.

33. In the present case, the questions of law or fact common to the members of the collective action class predominate over any questions affecting only individual collective action class members.

34. The essence of this entire case is the Plaintiff and other similarly situated individuals were improperly classified as independent contractors and were not paid for hours worked at an hourly rate at least equal to the Federal and District of Columbia minimum wage.

35. Common to Plaintiff and all collective action class members is that each individual received wages from Defendant at a rate less than what is required by the FLSA and DCMWA for all hours worked each week.

36. Specifically, Plaintiff and each collective action class member is owed the difference between their net-negative regular hourly rates and the FLSA and DCMWA required rate and statutory damages under the FLSA and DCMWA.

37. In the present case, the number of collective action class members is believed to exceed one hundred (100) current and former exotic dancer employees.

38. All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendant.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

39. Plaintiff re-alleges and reassert each and every allegation set forth above as if each were set forth herein.

40. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the Federal minimum wage, currently $7.25 per hour.

41. At all times, Plaintiff and other exotic dancer employees were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1).

42. At all times, Defendant was Plaintiff's "employer" and the employer of other exotic dancer employees under the FLSA.

43. Defendant, as the employer of Plaintiff and other exotic dancer employees, was obligated to compensate Plaintiff and other exotic dancer employees for all hours worked at an hourly rate not less than the Federal minimum wage.

44. At all times, Defendant paid Plaintiff and other exotic dancer employees no wages for hours worked.

45. More exactly, when the fees and fines that Defendant deducted from Plaintiff are factored in, Defendant paid Plaintiff and other exotic dancer employees at an hourly rate that calculates in the negative.

46. The net negative hourly rate paid by Defendant to Plaintiff and other exotic dancer employees fell below the applicable Federal minimum wage.

47. At all times, Defendant had actual knowledge that Plaintiff and other exotic dancers were in fact employees and were never contractors.

48. At all times, Defendant had actual knowledge that the compensation method and amount that Defendant paid Plaintiff and other exotic dancers was less than the compensation method and amount required by the FLSA.

49. Defendant's failure to pay compensation to Plaintiff and other exotic dancer employees as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit) for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of DC Minimum Wage Act

49. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

50. The DCMWA provides that no employer shall employ any employee for an hourly wage of less than the District of Columbia Minimum Wage.

51. From 2011 through June 30, 2014, the District of Columbia Minimum Wage was $8.25 per hour.

52. From July 1, 2014 through the present, the District of Columbia Minimum wage has been $9.50 per hour.

53. At all times, Plaintiff and other exotic dancer employees were "employees" covered by the DCMWA.

54. At all times, Defendant was Plaintiff's "employer" and the employer of other exotic dancer employees under the DCMWA.

55. Defendant, as the employer of Plaintiff and other exotic dancer employees, was obligated to compensate Plaintiff and other exotic dancer employees for all hours worked at an hourly rate not less than the District of Columbia Minimum Wage.

56. At all times, Defendant paid Plaintiff and other exotic dancer employees no wages for hours worked.

57. More exactly, when the fees and fines that Defendant deducted from Plaintiff are factored in, Defendant paid Plaintiff and other exotic dancer employees at an hourly rate that calculates in the negative.

58. The net negative hourly rate paid by Defendant to Plaintiff and other exotic dancer employees fell below the applicable District of Columbia Minimum Wage.

59. At all times, Defendant had actual knowledge that Plaintiff and other exotic dancers were in fact employees and were never contractors.

60. At all times, Defendant had actual knowledge that the compensation method and amount that Defendant paid Plaintiff and other exotic dancers was less than the compensation method and amount required by the DCMWA.

61. Defendant's failure to pay compensation to Plaintiff and other exotic dancer employees as required by the DCMWA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit) for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

> Respectfully submitted,
>
> /s/ Gregg C. Greenberg
>
> Gregg C. Greenberg, Bar No. MD17291
> Zipin, Amster & Greenberg, LLC
> 836 Bonifant Street
> Silver Spring, Maryland 20910
> Phone: 301-587-9373
> Fax: 301-587-9397
> Email: ggreenberg@zagfirm.com
>
> *Counsel for Plaintiff*